**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 27, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JUANA COSTILLA BARRIOS,

     Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,

     Respondent.

No. 20-9587
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **ROSSMAN**, Circuit Judges.
_____

Petitioner Juana Costilla Barrios, a Mexican national, seeks review of a

Board of Immigration Appeals (BIA) decision affirming the denial of her application

for cancellation of removal.  Because we lack jurisdiction to review either issue

Petitioner raises, we dismiss the petition for review.

_____

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I. Background

Petitioner is a native and citizen of Mexico. She entered the United States illegally in 1992 at the age of sixteen. She has five children who were born here.

In 2013, the Department of Homeland Security charged Petitioner with being removable. She conceded removability (as a noncitizen who was present without being admitted or paroled) but applied for cancellation of removal under 8 U.S.C. § 1229b(b)(1).[1] She asserted her removal to Mexico would cause exceptional and extremely unusual hardship to her five United States citizen children, all of whom, as of 2013, were under the age of twenty-one.

In 2018, an immigration judge (IJ) held a hearing on her application. By that time, only two of Petitioner's children were under the age of twenty-one—her youngest son was fourteen and her second youngest son was twenty.

The IJ denied Petitioner's application at the end of the hearing. He first explained that only the two youngest children could serve as qualifying relatives for purposes of assessing the statutory hardship requirement because the "older children have turned 21 since [Petitioner] filed her [cancellation] application and no longer qualify as children as that term is defined in the Act." R. at 81-82. He then concluded Petitioner had not met her burden of showing that her removal would cause exceptional and extremely unusual hardship to her two youngest sons.

---

[1] To be eligible for cancellation of removal as a non-permanent resident, Petitioner needed to show, inter alia, that her "removal would result in exceptional and extremely unusual hardship" to a spouse, parent, or child, who is a United States citizen. 8 U.S.C. § 1229b(b)(1)(D).

Petitioner appealed to the BIA. She argued the IJ erred in making the hardship determination with respect to her two youngest sons. In doing so, she contended that her second youngest son should still be considered a qualifying relative for purposes of her case on appeal even though he had, by that time, turned twenty-one. She did not challenge the IJ's conclusion that her three oldest children could not serve as qualifying relatives because they had turned twenty-one prior to the hearing.

In a three-member panel decision, the BIA upheld the IJ's hardship determination. Although the BIA acknowledged the IJ made some "mistaken statements," it conducted a de novo review and concluded the statements would not change the result of the case. *Id.* at 3. The BIA held that the "[IJ] properly determined that the evidence did not meet [Petitioner's] burden to establish exceptional and extremely unusual hardship to her children if she departs the United States." *Id.* at 4. The BIA further explained:

> The [IJ] found that [Petitioner's] children were physically healthy, and although she testified that her 20-year-old son has some learning disabilities and her 14-year-old son has some problems with his feet, the [IJ] properly determined that these factors were not of such a nature as to result in exceptional and extremely unusual hardship to her children upon [her] departure from the United States.

*Id.* The BIA also recounted Petitioner's testimony "that she provides the main financial support for her sons, although her 20-year-old son was employed and her 14-year-old son receives financial support from his father and the state." *Id.* And then the BIA explained that "[t]he [IJ] recognized that there would be a loss of the same level of financial support, but not of such a nature as to result in exceptional and extremely unusual

3

hardship to [Petitioner's] sons." *Id.* The BIA considered Petitioner's argument that her older children are not in a position to take care of her younger children but explained that "it is not apparent that they could not be of some support." *Id.*

Although the BIA upheld the IJ's hardship determination with respect to both sons, it also appeared to alternatively uphold that determination with respect to Petitioner's youngest son alone. The BIA stated that Petitioner's sole qualifying relative was her fourteen-year-old son, noting that Petitioner's second youngest son was no longer a qualifying relative because he was now over the age of twenty-one. The BIA recognized Petitioner's argument that her second youngest son should continue to be a qualifying relative but explained that she "ha[d] not cited to any law or precedent that mandates such a result." *Id.* at 4 n.1. It then acknowledged the stress to the youngest son resulting from Petitioner's removal "and the challenges of adapting to life in Mexico, including any difficulty writing in Spanish," but concluded that Petitioner "ha[d] not pointed to evidence that these challenges rise to the level of exceptional and extremely unusual hardship." *Id.* at 4-5. The BIA therefore agreed with the IJ "that such difficulty has not been shown to constitute exceptional and extremely unusual hardship." *Id.* at 5.

Petitioner filed a timely petition for review of the BIA's decision.[2]

---

[2] Shortly after filing her petition for review, Petitioner filed a motion to reopen with the BIA and a motion to abate her case in this court pending the BIA's decision on the motion to reopen. We granted the motion and abated the case on October 16, 2020. But when the BIA had taken no action on the motion to reopen after nine months, we lifted the abatement on July 27, 2021.

II.  Discussion

"We begin by determining whether we have jurisdiction to review the issues raised by petitioner in [her] petition."  *Galeano-Romero v. Barr*, 968 F.3d 1176, 1181 (10th Cir. 2020) (internal quotation marks omitted).  Two jurisdictional principles are relevant here.  First, we only retain jurisdiction over a challenge to a final order of removal "if . . . the alien has exhausted all administrative remedies available . . . as of right."  8 U.S.C. § 1252(d)(1); *see also Torres de la Cruz v. Maurer*, 483 F.3d 1013, 1017 (10th Cir. 2007) (explaining that "we have jurisdiction only over those claims that were presented to the BIA").  Second, under the mootness doctrine, we lack jurisdiction to review an issue if the resolution of that issue will not change the outcome of the case.  *See Ghailani v. Sessions*, 859 F.3d 1295, 1300 (10th Cir. 2017) ("In cases involving mootness, the starting point for our analysis is the familiar proposition that federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." (brackets and internal quotation marks omitted)).  "The mootness doctrine derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy."  *Id.* (internal quotation marks omitted).

Petitioner asserts the BIA erred by considering hardship to only one of her qualifying relatives, and she raises two distinct issues related to this assertion.  She first challenges the BIA's conclusion that her second youngest son was no longer a qualifying relative because he turned twenty-one during her agency appeal.  Pet'r's Br. at 5-6.  She next argues the BIA erred in affirming the IJ's conclusion that her

5

three oldest children were no longer qualifying relatives.  She contends the BIA

"should have—on account of egregious agency delay—considered hardship to those

of [her] children who were under twenty-one on the date she filed her application for

cancellation of removal."  *Id.* at 32 (boldface omitted).

We start with the second issue.  Petitioner did not raise this issue in her appeal to

the BIA.  *See generally* R. at 9-22 (arguing that the IJ erred in determining that her two

youngest sons would not suffer exceptional and extremely unusual hardship if she were

removed).  "It is a fundamental principle of administrative law that an agency must have

the opportunity to rule on a challenger's arguments before the challenger may bring those

arguments to court."  *Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010).

Because Petitioner did not raise this issue in her appeal to the BIA, she has not exhausted

her administrative remedies with respect to this issue for the purposes of this petition for

review of her final order of removal.[3]  We therefore lack jurisdiction to consider it.  *See*

§ 1252(d)(1); *see also Garcia-Carbajal*, 625 F.3d at 1236 ("We lack authority to

entertain these arguments . . . because Mr. Garcia-Carbajal never pursued them before the

BIA and so failed to exhaust them administratively."); *Torres de la Cruz*, 483 F.3d

---

[3] Petitioner explains that she presented a similar issue in her motion to reopen, which she filed after her petition for review in this case.  *See* Pet'r's Br. at 17-18 (describing issue as "the agency violated her right to due process by repeatedly delaying a final hearing in her case for so many years that her three oldest children had aged out by the time the [IJ] finally held a hearing on the merits of her case in 2018").  But she concedes that her "prior counsel did not explicitly raise [that issue] to the Board" in her appeal to the BIA.  *Id.* at 18.  If the BIA does not rule in her favor on her motion to reopen, she may file a separate petition for review of that decision.

6

at 1018 ("The record makes clear that this issue was never presented to the BIA, which divests us of jurisdiction.").

As for the first issue, Petitioner asserts that the BIA "declined to consider" her older son as a qualifying relative, Pet'r's Br. at 17, and erred as a matter of law in concluding he could no longer be a qualifying relative. In response, the government argues that Petitioner "fails to acknowledge the Board's two, alternative analyses of the hardship element," and, as a result, has "failed to demonstrate how her legal challenge is tied to a live case or controversy that would justify an exercise of the Court's jurisdiction." Resp. Br. at 20. Much of the BIA's decision is spent discussing and upholding the IJ's determination that Petitioner failed to show exceptional and unusual hardship to both her sons, not just her youngest son. *Compare* R. at 4 (referring to her "children" and "sons" in three paragraphs and discussing both her "20-year-old son" and her "14-year-old son" in two paragraphs in the course of agreeing with the IJ's hardship determination), *with id.* at 4-5 (referencing the hardship to Petitioner's "son" in one paragraph). The government therefore argues that Petitioner's first issue is moot because the BIA has already determined, based on its de novo review of the discretionary hardship issue, that Petitioner failed to demonstrate the requisite hardship whether the qualifying relatives are deemed to be both of her youngest children or just her youngest son alone.

We agree with the government that Petitioner's first issue is moot. Petitioner's legal challenge relates only to the portion of the BIA's decision where it determined

that her second youngest son could no longer be a qualifying relative and where it discussed the hardship of her removal solely as it related to her youngest son.  Thus, even if we were to review Petitioner's legal question and resolve it in her favor, she would not be able to obtain relief because the BIA upheld the IJ's determination that she did not establish the requisite hardship after considering the articulated hardship to *both* her sons—a determination that remains unchallenged.  Any decision from this court on Petitioner's question of statutory interpretation about whether her second youngest son could still be a qualifying relative would therefore be an impermissible advisory opinion.  *See Pub. Serv. Co. of Colo. v. U.S. EPA*, 225 F.3d 1144, 1148 n.4 (10th Cir. 2000) ("This court would violate Article III's prohibition against advisory opinions were it to . . . issue a mere statement that the [agency's] interpretation and application of the law was incorrect without ordering some related relief.").

III.  Conclusion

For the foregoing reasons, we dismiss the petition for review.

Entered for the Court

Jerome A. Holmes
Circuit Judge